## Philber Lehigh Co. v. Canada Dry Bottling Co. of the Lehigh Valley

*Scoblionko & Frank,* for plaintiff.

*Robert A. Weinert,* for defendant.

Koch, J., November 12, 1958.—The matter before us concerns defendant's objections to plaintiff's interrogatories.

The complaint in assumpsit avers that on or about June 30, 1957, defendant leased from plaintiff a van truck. The lease provided that the vehicle was to be returned in the same condition as received, reasonable wear and tear excepted, and to obtain full insurance coverage. While the truck was in the possession of

defendant and operated by its employed driver, it sustained damages. A recovery is sought for the amount of the repairs, loss of use and for unpaid rental. An answer was filed alleging that any damages sustained by the truck were the result of its being in a state of poor repair and not in a usable condition for transportation on a public highway. A counterclaim seeks the recovery of damages to the cargo resulting from the accident.

Plaintiff has propounded 16 interrogatories under Pa. R. C. P. 4005. Answers to interrogatories 11 and 13 have been filed. An objection to number 7 was not pressed and, since we find that the information requested, the names and addresses of witnesses, is proper, we shall order that the same be answered. Objections to interrogatories 10, 12, 14, 15 and 16 were withdrawn at oral argument and, consequently, we will order that those be answered. Our consideration is, therefore, directed to nos. 1, 2, 3, 4, 5, 6, 8 and 9.

Pa. R. C. P. 4005 (a) provides as follows:

"Subject to the limitations provided by Rule 4011, any party may file and serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or similar entity or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may be served after commencement of the action and without leave of court, except that, if service is made by the plaintiff within twenty (20) days after such commencement, leave of court must first be obtained."

Each of the objections is based upon Pa. R. C. P. 4011 (d) which provides as follows:

"No discovery or inspection shall be permitted which . . . (d) would disclose the existence or location of reports, memoranda, statements, information or other

things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; . . ."

Interrogatory no. 1 is as follows: "State when the wrecking of the vehicle first came to the attention of the defendant, by whom it was reported, and to whom."

An analysis of the pleadings clearly demonstrates that the damaged vehicle was in the possession of defendant through its agent, servant or employe and, since no agent of plaintiff was in any way involved or present at the time of the mishap, all of the facts surrounding the accident are solely within the knowledge of defendant. We cannot agree with defendant's contention that the cases of Davis v. Blumberg, 3 D. & C. 2d 150, and Pozzi v. Yellow Cab Co., 9 D. & C. 2d 603, support its position that this interrogatory is objectionable. In the former case defendant's objection was sustained because plaintiff himself was involved in the accident and knew the circumstances and in the Pozzi case the objection was sustained for the reason that the interrogatory embraced the phrase "all the facts of the accident" and the court properly concluded that the information requested was too broad.

We conclude that interrogatory no. 1 is proper and that the objecting defendant has not met the burden of showing that the information in question was secured in preparation for trial: Klein v. Commonwealth, 104 Pitts. L. J. 471.

Interrogatory 2 is as follows: "State whether the defendant filed any accident report pertaining to this accident with any governmental agency. If so, state with whom it was filed, by whom, and when." The objection to revealing this information is based on the

proposition that it would disclose the existence and location of reports made in anticipation of litigation. In answer to this contention we need only point out that the filing of accident reports is a routine requirement of law and hence it cannot be said that such reports are made in anticipation of litigation. It must also be observed that the interrogatory does not elicit information as to the *contents* of the report but whether they were *filed*. See 4 Goodrich-Amram, Procedural Rules Service §4005(*a*)-3. Our conclusion that defendant's objection to answering interrogatory 2 must be overruled also applies to interrogatory 9 which seeks to determine whether defendant has possession of reports or documents prepared by the police or other governmental agency.

Defendant cannot be compelled to answer interrogatory no. 3 which seeks to determine whether defendant has obtained statements from any of its employes or third parties. While it is true that Pa. R. C. P. 4011(*d*) requires the parties to divulge, on request, the names of witnesses, it is clear that *statements* secured from such persons are obviously made in preparation for trial and "the work product" of counsel. True, the interrogatory does not request copies of the statements but we view the prohibition contained in Pa. R. C. P. 4011(*d*) as embracing this kind of interrogatory. Since interrogatories 4 and 5 likewise deal with such statements, we are of the opinion that defendant is not obliged to supply the information requested.

Interrogatory 6 requests defendant to reveal whether it has possession of photographs of the locale or surrounding area of the site of the wrecking, "or any other matter or things involved in the wrecking." If this interrogatory means that plaintiff wishes to determine whether there are photographs of the area which were taken in the routine course of business, it

would not be prohibited but we do not so interpret the question: Drawbaugh v. Pennsylvania Power & Light Company, 84 D. & C. 209, cited in plaintiff's brief, does not aid his position. There Judge Sohn indicated that a disclosure of blue prints and other data obtained and filed during the ordinary course of business was reasonable. A reasonable interpretation of this interrogatory requires us to conclude that the photographs contemplated were those taken subsequent to the accident and in preparation for trial.

Interrogatory no. 8 requests details as to the manner in which the vehicle was in a state of poor repair and not in a usable condition for transportation on a public highway. This interrogatory arises by virtue of defendant's counterclaim seeking a recovery for damaged cargo on the ground that the leased truck was in a defective state of repair. Plaintiff might properly have filed preliminary objections asking for a more specific complaint but the failure to do so does not bar it from the right to secure the details by discovery. An answer to this interrogatory does not call for an expression of an opinion but the specific defects upon which defendant alleges that the vehicle was defective. Since "facts" are called for and not purely "opinion", it is immediately apparent that Hunsberger v. Pennsylvania Railroad Co., 11 D. & C. 2d 335, cannot be invoked by defendant and for that reason we believe that a reasonable interpretation of the discovery rules demands an answer to this interrogatory.

*Order*

And now, November 12, 1958, defendant's objections to interrogatories numbered 1, 2, 7, 8, 9, 10, 12, 14, 15 and 16 are overruled and defendant is directed to answer the same. Defendant's objections to interrogatories numbered 3, 4, 5 and 6 are sustained and defendant need not answer the same.